**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **CHRISTINE MORGAN and DENISE MORGAN** § § | |
| Plaintiffs, § § | |
| vs. § | Case No. 4:19-cv-674 |
| § | |
| **PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA** § § § | |
| § | |
| **Defendant** § | |

**PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

Plaintiffs Christine Morgan and Denise Morgan file this Original Verified Complaint asserting causes of action in law and equity for injunctive relief against Prudential Life Insurance Company of America. In support thereof, Plaintiff shows the Court as follows:

**THE PARTIES**

1. Plaintiff, Christine Morgan is a resident of Texas.

2. Plaintiff, Denise Morgan is a resident of Texas.

3. Defendant, Prudential Life Insurance Company of America (Prudential) is a domestic or foreign insurance company doing business in various states, including in the State of Texas. It may be served by process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

**JURISDICTION AND VENUE**

4. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1). Section 1132(a) (1)(B) of ERISA [29 U.S.C] provides that a plan participant

or beneficiary may bring a civil action in district court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan."

5. Venue is proper in this District and Division pursuant to 29 U.S.C. §1451(d) because the Defendant maintains business activity in and may be found in this district.

## STATEMENT OF FACTS

6. Janie Barrera was a pharmacist and longtime employee of Walgreens. Through her employer, she obtained basic and supplemental group life insurance policies.

7. Prudential is the insurer who provided the life insurance coverage to Janie Barrera, through Walgreens. The policy is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq. The group plan control No. was 42097.

8. In August of 2018, Janie Barrera suffered a stroke that was physically disabling. She was not married and had no children. On or about September 12, 2018, she designated a close friend, Christine Morgan, as her power of attorney to assist in her affairs.

9. On October 23, 2018, Janie Barrera signed a document that was witnessed by several people, including nurse Nayely Russet. In this document, she set out who she wanted to receive various assets. For her life insurance, she set out "Christine Morgan, Denise Morgan."

10. In a recorded conversation with the Benefits Support Center of Walgreens on October 31, 2018, a Walgreens representative confirmed to Janie Barrera and to her agent, Christine Morgan, that Christine Morgan and Denise Morgan had been properly designated as the beneficiaries of the life insurance policy. During this call, Janie Barrera specifically confirmed that she indeed wanted them as the beneficiaries of the life insurance policy. The recording confirms:

- the beneficiary designation;

- Walgreen's acceptance of the designation of Christine Morgan and Denise Morgan as the listed beneficiaries; and

- Janie Barrera's confirmation of the designation in favor of Christine Morgan and Denise Morgan.

On the call, only days before her death, Walgreens did not tell Janie Barrera that she needed to do more to confirm Christine Morgan and Denise Morgan as the beneficiaries of her life insurance.

11. Janie Barrera died on November 4, 2018. She died believing that she had done all she could reasonably do to confirm Christine Morgan and Denise Morgan as the beneficiaries. Her belief was reasonable and was explicitly confirmed by Walgreens.

12. On November 16, 2018, Prudential sent a letter to Christine Morgan confirming her status as beneficiary, with forms to complete to claim her share of the proceeds. On or about November 27, 2018, Christine Morgan spoke with a representative of Walgreens who also confirmed her beneficiary status. Christine Morgan and Denise Morgan have applied for the life insurance benefits.

13. Prudential has not paid them the benefits. Instead, on September 10, 2019, Prudential wrote: "Unfortunately, we are unable to render a benefit determination at this time." Prudential referenced the Walgreens Benefits Center. However, upon information and belief, the ERISA administrator of the subject group life insurance plan is Prudential, not Walgreens. Prudential has apparently decided to abstain from a determination, to allow a court to decide the proper beneficiaries of the policies.

14.     In that same letter, Prudential invited Christine Morgan and Denise Morgan to bring this action to restrain Prudential from payment of the benefits elsewhere.[1] They are doing so in order for Prudential to respond with an interpleader, to deposit the disputed benefits into the registry of this Court, and to have this Court determine the proper beneficiaries of the policy.

## CAUSES OF ACTION

15.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiffs Christine Morgan and Denise Morgan as beneficiaries of Decedent Janie Barrera, a participant of the ERISA group plan, are entitled to sue for a judicial determination and enforcement of the life insurance policies and the beneficiary designation in their favor.

16.     The federal common law doctrine substantial compliance in the ERISA context is discussed in the Seventh Circuit's opinion in Metropolitan Life Ins. Co. v. Johnson, 297 F.3d 558 (7th Cir.2002). In that opinion, the court found that the proper inquiry was if the insured "evidenced her intent" and "attempted to effectuate the change by undertaking positive actions." Id. at 568.

## REQUEST FOR INJUNCTIVE RELIEF

17.     Plaintiffs seek injunctive relief, so that the status quo may be maintained until the Court determines the proper beneficiary of the subject group life plan.  This request has been specifically invited by Prudential. Therefore, Plaintiffs pray for an order enjoining Prudential from paying the subject group life insurance proceeds insuring the life of Janie Barrera, to anyone pending the outcome of this case and this Court's ultimate determination. Otherwise, Plaintiffs will suffer irreparable harm if the proceeds are paid elsewhere. The form of relief is first requested as a temporary restraining order and then a preliminary injunction. As set out above, Plaintiffs have a substantial likelihood of success on the merits as the evidence is clear

---

[1] Exhibit A

and undisputed that Janie Barrera wanted Plaintiffs to receive the subject life insurance proceeds. Injunctive relief will not harm Prudential, and instead would serve to protect it from potential double liability. Finally, injunctive relief will serve the public interest and policy in ensuring that the decedent's wishes are followed.

## CLAIM FOR ATTORNEY FEES AND COSTS

18. Plaintiffs Christine Morgan and Denise Morgan seek an award of their reasonable attorneys' fees incurred and to be incurred in the prosecution of this claim for benefits.

## PRAYER

Therefore, Plaintiffs Christine Morgan and Denise Morgan request an order from this Court enjoining Prudential Life Insurance Company of America from paying the subject life insurance proceeds to anyone else while the Court determines the merits of claims to the policies, to render judgment that Christine Morgan and Denise Morgan are the rightful beneficiaries of the proceeds, for attorney's fees and costs incurred in bringing this action, and for such other relief as the Court deems equitable, just and proper.

Respectfully submitted,

_____/s/ *J. Michael Young*_____
J. Michael Young
State Bar No. 00786465
michael.young@somlaw.net

**SANDERS, MOTLEY, YOUNG & GALLARDO**
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133
(903) 892-4302 (fax)